Motion termed as duplicative.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 3:13-00157 |
| | ) | Judge Trauger |
| **KAREN DAVID** | ) | |

## MOTION OF DEFENDANT KAREN DAVID TO SUPPRESS STATEMENTS MADE TO LAW ENFORCEMENT ON OCTOBER 17, 2008

**COMES NOW** the Defendant, **Karen David**, by and through her undersigned counsel, and pursuant to Fed.R.Crim. P. 12(b)(3)(C) and the Fifth Amendment to the United States Constitution, hereby moves the Court to suppress: (1) any statements made by Defendant David during a custodial interrogation conducted by FBI Special Agent Victor Rodriguez, TFO Tracy L. Allen and Franklin Police Department Sergeant Eric Anderson on October 17, 2008 at 117 Ewingville Drive, Franklin, Tennessee 37064 (a residence owned by Ms. David and her husband but not used as their home); (2) all testimony of law enforcement agents relating to observations made by them while engaged in recording and documenting said statements; and, (3) any evidence that was the result of investigatory leads obtained as a result of said statements, including the subsequent search of Ms. David's home located at 1701 Rocking Chair Place, Franklin, Tennessee 37064.[1]

The grounds for this Motion are more fully set forth in the accompanying Memorandum of

---

[1] The affidavit in support of the subsequent search of 1701 Rocking Chair Place (the Defendant's home) was derived from the fruits of Ms. David's *un-Mirandized*, custodial interrogation conducted hours earlier at the 117 Ewingville Drive address. The scope of the evidence to be excluded sweeps broadly, including both "[e]vidence obtained as a direct result of an unconstitutional [action], "as well as evidence that is considered the "'fruit' of a prior illegality" that was "come at by exploitation of [the initial] illegality." *Segura v. United States*, 468 U.S. 796, 804, 104 S.Ct. 3380, 82 L.Ed.599 (1984): *see also, New York v. Harris*, 495 U.S. 14, 19, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990). ("[T]he indirect fruits of the illegal [action] should be suppressed when they bear a sufficiently close relationship to the underlying illegality."); *Murray v. United States*, 487 U.S. 533, 536-37, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988)(stating that the exclusionary rule prohibits evidence "that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful [activity], up to the point at which the connection with the